UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM H. BECKUM, | ) | CASE NO. CV 04-07949 (RZ) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

The Administrative Law Judge erred when he did not discuss the treating physician's conclusion that Plaintiff "cannot do anything on standing." [AR 113] In this Court, the Commissioner argues that the Administrative Law Judge can accept part of the report without accepting everything in it. Whether that is so — and there is some Ninth Circuit authority criticizing selective use of an expert's testimony, *see, e.g. Holohan v. Massanari*, 246 F.3d 1195, 1204-05 (9th Cir. 2001) — nevertheless the Administrative Law Judge must give specific and legitimate reasons for rejecting the opinion, *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1996), even if he rejects only part of it. The Court cannot assume that such reasons exist, either; it may evaluate the decision only on the basis of what the Administrative Law Judge actually said. *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991).

1   The Administrative Law Judge did not err, however, in rejecting the opinion
2 of the chiropractor.  Like the treating physician, the chiropractor opined that Plaintiff had
3 a limited standing capacity. The Administrative Law Judge's only basis for rejecting this
4 opinion was that a chiropractor is not a medical source under the regulations; therefore, the
5 Administrative Law Judge said, his opinion is entitled to "little weight."  [AR 23] While
6 the regulations authorize the Administrative Law Judge to consider the opinion of a
7 chiropractor as to a claimant's capacity and the severity of his impairment, they do not
8 require that he do so, 20 C.F.R. § 404.1513(d), and it is not error to give little weight to the
9 chiropractor's opinion on the ground that he is not an acceptable medical source.
10 *Cronkhite v. Sullivan*, 935 F.2d 133, 134 (8th Cir. 1991).

11   Plaintiff asserts that the Administrative Law Judge did not properly discredit
12 his subjective complaints, because the Administrative Law Judge did not specifically
13 discuss his testimony.  The Administrative Law Judge was a bit inconsistent, because he
14 first stated that Plaintiff had no impairment which reasonably could be expected to produce
15 pain — in which case he need not give specific reasons for disbelieving Plaintiff  — but
16 then gave reasons to disbelieve that Plaintiff's pain was debilitating. [AR 23] Setting aside
17 the inconsistency, the reasons that he did give are supported by case law.  *See, e.g.,*
18 *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995).  The fact that he did not
19 specifically reference the testimony is not determinative here; the only testimony Plaintiff
20 gave which he addresses here concerned his inability to stand or sit for any length of time
21 [AR 152-54], and the sorts of reasons which the Administrative Law Judge gave address
22 those concerns.

23   Plaintiff also asserts that the Appeals Council got it wrong in concluding that
24 a medical report, produced subsequent to the Administrative Law Judge's decision, spoke
25 to a later period of time and therefore need not be considered.  The Commissioner has the
26 right to interpret the evidence, and the fact that there may be other interpretations does not
27 alone give rise to reversal.  *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).
28 However, it is also true that later reports may be relevant to the assessment of earlier-

existing conditions. *Cf. Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). Since the matter needs to be remanded in any event for further consideration of the treating physician's opinion, the Commissioner will have the opportunity to re-visit all the evidence, including the most recent report, at that time.

        In accordance with the foregoing, the Commissioner's decision is reversed, and the matter is remanded for further proceedings.

DATED: September __20__, 2005

/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-3-